IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>    PATRICK P. INORIO,<br><br><br><br>    Debtors. | ) Chapter 13<br>) Case No 12 B 17295<br>)<br>)<br>) Judge    Schmetterer<br>) Trustee  Vaughn |
| PATRICK P. INORIO,<br><br>               Plaintiff,<br><br>-vs-<br><br>SCHAUMBURG BANK & TRUST COMPANY, N.A., ADVANTAGE NATIONAL BANK,<br><br>               Defendant. | )<br>)<br>)<br>)<br>) No. 12 B 00784<br>)<br>)<br>)<br>)<br>)<br>) |

## **FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

On June 21, 2012, Patrick P. Inorio, the Plaintiff in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiff in this matter.

## **FINDINGS OF FACT**

1. Plaintiff is the owner of improved parcel of residential real estate ("Real Estate") commonly known as 132 Jodi Lane, Bartlett, IL and legally described as follows:

    LOT 5 IN CARLINO'S SUBDIVISION OF PART OF THE SOUTH HALF OF SECTION 33, TOWNSHIP 41 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN THE VILLAGE OF BARTLETT IN COOK COUNTY, ILLINOIS, RECORDED MAY 24, 1977 AS DOCUMENT 23939426 IN COOK COUNTY RECORDER'S OFFICE, ALL IN COOK COUNTY, ILLINOIS.

    PIN: 06-33-302-005-0000

2. The Real Estate is the Plaintiff's principal residence.

3. A comparative market analysis was conducted by Bob Reilley and a copy of said comparative market analysis was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $244,166.00

4. Wells Fargo Home Mortgage holds a first mortgage lien on the Real Estate and as of the Petition Date there was due and owing on said mortgage at least $270,000.00.

5. Advantage National Bank originally held a second mortgage lien on the Real Estate and as of the Petition Date and the original amount was $60,000.00. Schaumburg Bank and Trust Company, N.A. has succeeded to the interest of Advantage National Bank.

6. As of the Petition Date, the amounts due and owning on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtor's Chapter 13 Plan provides that the defendants claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing, the amount due

of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtor's Chapter 13 Plan

5. The secured claim of the Defendants against the Real Estate located at 132 Jodi Lane, Bartlett, Illinois 60103, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Date: 6/22/12

United States Bankruptcy Judge

JUN 22 2012

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, IL 60065
847 564 0808